# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH L. HOLLAND. | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 12-663-SLR |
| | ) |
| DAVID PIERCE, Warden, and | ) |
| ATTORNEY GENERAL OF THE | ) |
| STATE OF DELAWARE, | ) |
| | ) |
| Respondents.[1] | ) |

Kenneth L. Holland. Pro se petitioner.

Gregory E. Smith. Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

## MEMORANDUM OPINION

June  II  , 2015
Wilmington, Delaware

---

[1] Warden David Pierce replaced former warden Perry Phelps, an original party to this case. See Fed. R. Civ. P. 25(d).

**ROBINSON**, District Judge

## I. INTRODUCTION

Presently before the court is petitioner Kenneth L. Holland's ("petitioner")
application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 2) Petitioner
is incarcerated at the James T. Vaughn Correctional Institution in Smyrna, Delaware.
For the reasons that follow, the court will dismiss his application.

## II. FACTUAL[2] AND PROCEDURAL BACKGROUND

In May 2006, probation officers conducted an administrative search of a trailer in
petitioner's name, as well as the home of petitioner's mother, which was listed as his
home address with his probation officer. The search of the properties uncovered drugs,
weapons, paraphernalia, and ammunition. Police officers arrested petitioner on May 18,
2006, and he was subsequently indicted on two counts of a firearm during the
commission of a felony ("PFDCF"), two counts of possession of a firearm by a person
prohibited ("PFBPP"), three counts of possession of ammunition by a person prohibited
("PABPP"), two counts of maintaining a dwelling for keeping controlled substances,
possession of cocaine within 300 feet of a church, possession of cocaine within 1000
feet of a school, two counts of possession of drug paraphernalia, trafficking in cocaine,
possession with intent to deliver cocaine ("PWITD cocaine"), and second degree
conspiracy. (D.I. 13 at 2)

Prior to trial, defense counsel filed a motion to suppress the evidence on the
ground that the administrative searches were invalid. The Superior Court denied the
suppression motion after a hearing.

[2]The facts are summarized from the Delaware Supreme Court's decision affirming the
Superior Court's denial of petitioner's motion for post-conviction relief. *See Holland v.
State*, 31 A.3d 76 (Table), 2011 WL 5352960, at *1 (Del. Nov. 7, 2011).

Also prior to trial, petitioner's former girlfriend and codefendant, Yvonne Bradshaw, gave a recorded statement to police, in the presence of her attorney, detailing her and petitioner's involvement in the case. Thereafter, Bradshaw pled guilty to maintaining a dwelling and second degree conspiracy. As a condition of her sentence, Bradshaw agreed to testify truthfully against petitioner at his trial.

In November 2007, a Delaware Superior Court jury found petitioner guilty of trafficking in cocaine, PWITD cocaine, second degree conspiracy, maintaining a dwelling, and possession of drug paraphernalia. (D.I. 13 at 2) The Superior Court severed the PFBPP and PABPP before trial, and the State voluntarily dismissed these charges following petitioner's convictions. (D.I. 13 at 2 n.3) The State also voluntarily dismissed the charge of possession within 300 feet of a church, and the Superior Court granted petitioner's motion for judgment of acquittal on both counts of PFDCF. The jury acquitted petitioner of the following charges: possession within 1000 feet of a school, one count of possession of drug paraphernalia, and one count of maintaining a dwelling. *Id.* In March 2008, the Superior Court sentenced petitioner as a habitual offender to a total of nine years in prison.[3] Petitioner appealed, and the Delaware Supreme Court affirmed his convictions and sentence. *See Holland v. State*, 962 A.2d 917 (Table) 2008 WL 4918213 (Del. Nov. 18, 2008).

---

[3]More specifically, petitioner was sentenced as follows: trafficking in cocaine – five years at Level V; PWITD cocaine – three years at Level V; maintaining a dwelling – three years at Level V, suspended for 18 months at Level III; second degree conspiracy – one year at Level V; and possession of drug paraphernalia – one year at Level V, suspended for one year at Level III. (D.I. 13 at 3 n.4)

In March 2009, petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). A Delaware Superior Court Commissioner issued a report and recommendation that the motion be denied, and the Superior Court adopted that recommendation and denied the motion. (D.I. 15. App. to State's Ans. Br. in *Holland v. State*, No. 510,2010, at B-66 to B-80) After remanding the case back to the Superior Court, the Delaware Supreme Court affirmed the Superior Court's judgment. *See Holland*, 2011 WL 5352960, at *2.

Petitioner timely filed a § 2254 application in this court. (D.I. 2) The State filed an answer in opposition (D.I. 13), asserting that the claims should be denied as procedurally barred and/or meritless.

## III. GOVERNING LEGAL PRINCIPLES

### A. Exhaustion and Procedural Default

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). One prerequisite to federal habeas review is that a petitioner must exhaust all remedies available in the state courts. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider it on the

merits. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir. 2000); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Although treated as technically exhausted, such claims are nonetheless procedurally defaulted. *Lines,* 208 F.3d at 160; *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Similarly, if a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. *See Coleman*, 501 U.S. at 750*; Harris v. Reed*, 489 U.S. 255, 260-64 (1989).

A federal court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *Coleman*, 501 U.S. at 750-51. To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show that the errors during his trial created more than a possibility of prejudice; he must show that the errors worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

4

Alternatively, if a petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," *Murray*, 477 U.S. at 496, then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Murray*, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence - -whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004).

## B. Standard of Review

If a state's highest court adjudicated a federal habeas claim on the merits, the federal court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d). Pursuant to 28 U.S.C. § 2254(d), federal habeas relief may only be granted if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001).

5

A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009). The deferential standard of § 2254(d) applies even "when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied"; as explained by the Supreme Court, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 562 U.S. 86, 98-100 (2011).

Finally, when reviewing a habeas claim, a federal court must presume that the state court's determinations of factual issues are correct. 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003)(stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions).

## IV. DISCUSSION

Petitioner raises three grounds for relief in his application: (1) the State engaged in prosecutorial misconduct by intimidating Bradshaw during pre-trial discussions and substantially interfering with her trial testimony; (2) the trial court violated petitioner's Sixth Amendment right to cross-examine Bradshaw by admitting her out-of-court statement without a proper foundation as required by 11 Del. Code Ann. § 3507; and (3)

6

defense counsel provided ineffective assistance by failing to object to the improper admission of Bradshaw's out-of-court statement.

## A. Claim One: Prosecutorial Misconduct

In August 2006, petitioner's codefendant and former girlfriend, Bradshaw, gave a recorded statement to police detailing her and petitioner's involvement in the case (hereinafter referred to as "§ 3507 statement"). She gave the § 3507 statement in the presence of her attorney, and also agreed, as a condition of her sentence, to testify truthfully at trial. After petitioner's trial had started, but prior to Bradshaw taking the witness stand, the State asked Bradshaw if she planned on changing her story, and reminded her that she was required to testify truthfully as part of the § 3507 statement.

Bradshaw took the stand to testify. Although she confirmed that her August 2006 § 3507 statement was voluntary, the State never questioned her about the truthfulness of that statement. Bradshaw began to testify that another person was the perpetrator in this case. Because this testimony deviated from the § 3507 statement, the State sought, and was granted, permission to admit the § 3507 statement as evidence; defense counsel did not object to the admission of that statement. (D.I. 15, State's Ans. Supp. Mem. in *Holland v. State*, No.510,2010, Exh. A; D.I. 15, State's Motion to Affirm in *Holland v. State*, No.510,2010, Exh. B)

In claim one, petitioner contends that the State's actions "toward its key material witness, [] Bradshaw, constitute[d] [] substantial interference in her decision to testify in favor of [petitioner]." (D.I. 4 at 15) Petitioner appears to assert that the State interfered with or controlled the substance of Bradshaw's testimony by telling her that she would violate her plea agreement and her probation if her trial testimony was inconsistent with

7

her § 3507 statement. (D.I. 4 at 16) Petitioner presented this stand-alone prosecutorial misconduct claim to the Delaware Superior Court in his Rule 61 motion, as well as a claim alleging ineffective assistance of counsel for failing to raise the issue of this prosecutorial misconduct. The Superior Court denied the stand-alone claim of prosecutorial misconduct as procedurally defaulted because it was not presented to the Delaware Supreme Court on direct appeal. However, the Superior Court addressed the merits of the prosecutorial misconduct allegation when it denied as meritless the ineffective assistance of counsel claim regarding counsel's failure to request a mistrial as result of the prosecutorial misconduct. The Superior Court determined that counsel's actions did not provide a reason to excuse the default of the stand-alone prosecutorial misconduct claim. (D.I. 15, State's Motion to Affirm in *Holland v. State*, No.510,2010, Exh. B at 8-11)

Petitioner then included the same claims, including the stand-alone prosecutorial misconduct/substantial interference argument, in his post-conviction appellate brief. After considering petitioner's brief and the State's motion to affirm the Superior Court's judgment, the Delaware Supreme Court denied the motion to affirm and remanded the case back to the Superior Court so that it could review "the merits of [petitioner's] arguments surrounding the admission of Bradshaw's out-of-court statement at trial in light of our recent decisions." (D.I. 15, *Holland v. State*, No.510,2010, Order, J. Jacobs, at 5-6 (Del. Apr. 11, 2011)) In so doing, the Delaware Supreme Court stated that, "[a]t their core, [petitioner's] arguments relate to the admission of the out-of-court statement made by his former girlfriend and codefendant, [] Bradshaw." *Id.* at 4.

8

On remand to the Superior Court, petitioner presented two arguments: (1) his Sixth Amendment rights were violated when Bradshaw's § 3507 statement was placed into evidence without the proper foundation; and (2) trial counsel was ineffective for not objecting to the lack of foundation for admission of Bradshaw's prior recorded out-of-court statement under 11 Del. C. § 3507. (D.I. 15, State's Ans. Supp. Memo. in *Holland v. State*, No.510,2010, Exh. B, at 5) After reviewing the arguments pursuant to Delaware Superior Court Criminal Rule 61(i)(5) and within the context of recent Delaware caselaw, the Superior Court denied the Rule 61 motion, and the case was returned to the Delaware Supreme Court. (D.I. 15, State's Ans. Supp. Mem. filed July 27, 2011 in *Holland v. State*, No.510,2010, at Exh. B)

Although the Delaware Supreme Court affirmed the Superior Court's denial of the Rule 61 motion, it did not explicitly mention the prosecutorial misconduct/substantial interference claim in its decision. *See generally Holland*, 2011 WL 5352960. Nevertheless, pursuant to *Johnson v. Williams*, 133 S.Ct. 1088, 1095-96 (2013), the court must presume that the Delaware Supreme Court adjudicated the merits of the unaddressed claim. Therefore, the court will review claim one under the deferential standard of 28 U.S.C. § 2254(d).

"Substantial [g]overnment interference with a defense witness' free and unhampered choice to testify violates" a defendant's Fourteenth Amendment right to due process and his Sixth Amendment right to compulsory process. *United States v. Henricksen*, 564 F.2d 197, 198 (5th Cir. 1997); *see also Lambert v. Blackwell*, 387 F.3d 210, 260 (3d Cir. 2004). At least one circuit has held that "the government's substantial interference with the testimony of its own witnesses can violate the Due Process

9

Clause." *United States v. Juan*, 704 F.3d 1137, 1142 (9th Cir. 2013). Examples of governmental interference include situations where the prosecution singles out a witness and tells him that he will be prosecuted and convicted of perjury,[4] where the prosecution informs a codefendant that his plea agreement will be void if he testifies in any manner regarding the codefendant petitioner,[5] and where the prosecution threatens to retaliate if the witness continues to testify. *See United States v. Hammond*, 598 F.2d 1008, 1012-13 (5th Cir. 1979). However, warning a witness about the consequences of committing perjury is, in many cases, warranted, and does not amount to interference with the right to testify. *See Juan*, 704 F.3d at 1142; *United States v. Pierce*, 62 F.3d 818, 832 (6th Cir. 1995). Finally, in order to prevail on a prosecutorial misconduct claim premised on interference with a witness' voluntary choice to testify, the petitioner must establish that there was "substantial interference," such "that the government's action worked to deprive him of a witness who could have testified on his behalf." *United States v. Garmany*, 762 F.2d 929, 937 (11th Cir. 1985); *see also Johnson v. Bell*, 525 F.3d 466, 480 (6th Cir. 2008).

After reviewing claim one within the framework established by the foregoing legal principles, the court concludes that it does not warrant relief. First, at no point in this case did the Delaware state courts determine that the State engaged in prosecutorial misconduct by substantially interfering with Bradshaw's trial testimony. For instance, when it initially held that defense counsel was not ineffective for failing to ask for a mistrial after learning that the State allegedly threatened and intimidated Bradshaw, the Superior Court explained:

---

[4]*See Webb v. Texas*, 409 U.S. 95. 97-98 (1972).
[5]*See Henricksen*, 564 F.2d at 198.

10

[T]here was no legitimate reason for a mistrial and therefore counsel was not ineffective for failing to ask for a mistrial on baseless grounds. [Petitioner's] trial counsel questioned Ms. Bradshaw at length about why she was testifying differently than her earlier recorded statement. **The [State] has stated that Ms. Bradshaw was not threatened or intimidated by the State. The [State] also noted that when Ms. Bradshaw gave her recorded statement, her attorney was present and when she was spoken to prior to trial, her attorney was also present.** The jury obviously believed her recorded statement and not her testimony. There was no fundamental error on trial counsel's part as alleged by [petitioner]. This ground is meritless.

(D.I. 15, App. to State's Ans. Br. in *Holland v. State*, No.510,2010, at B-75)(emphasis added)

Second, petitioner cannot demonstrate that the State's alleged intimidation of Bradshaw "worked to deprive him of a witness who could have testified on his behalf," because the testimony Bradshaw provided after the alleged prosecutorial intimidation was actually more favorable to petitioner than her prior recorded incriminatory police statement. As the Superior Court explained on remand,

trial counsel suspected that Bradshaw was going to say things at trial that contradicted her previous statement to the police, in an effort to exonerate [petitioner]. As such, [petitioner's] trial counsel strategically decided that it would be to [petitioner's] benefit not to object to the 3507 statement, because it indicated the untruthful nature of Bradshaw's testimony.

(D.I. 15, State's Ans. Supp. Memo. in *Holland v. State*, No.510,2010, Exh. B, at 10)

Accordingly, the court will deny claim one as meritless.

## B. Claim Two: Improper Admission of Bradshaw's § 3507 Statement

In claim two, petitioner contends that the trial court violated his Sixth Amendment right to cross-examine a witness by admitting Bradshaw's § 3507 statement without a proper foundation, because the State failed to ask Bradshaw if her § 3507 statement was truthful. Petitioner presented this argument in his Rule 61 motion, and the Superior

11

Court denied the claim as procedurally defaulted under Rule 61(i)(3) and as formerly adjudicated under Rule 61(i)(4). (D.I. 15, App. to State's Ans. Br. in *Holland v. State*, No.510,2010, at B-70, B-73, B-75) On appeal, the Delaware Supreme Court remanded the case back to the Superior Court because: (1) it determined that there was no record support for the Superior Court's conclusion that the claim was previously adjudicated under Rule 61(i)(4); and (2) the interests of justice required the Superior Court to consider the merits of the claims in light of recent Delaware caselaw reiterating foundational requirements for § 3507 statements[6] in order to determine if petitioner's procedural default should be excused under the miscarriage of justice exception contained in Rule 61(i)(5). (D.I. 15, State's Ans. Supp. Memo. in *Holland v. State*, No.510,2010, Exh. B, at 5, n.7) On remand, the Superior Court found that a proper foundation was not laid for the admission of Bradshaw's § 3507 statement because the State failed to ask whether or not her prior recorded statement was true. (D.I. 15, State's Ans. Supp. Memo. in *Holland v. State*, No.510,2010, Exh. B, at 4-11) However, the Superior Court found that the error did not constitute a miscarriage of justice sufficient to overcome the procedural bar of Rule 61(i)(3). *Id.* The Delaware Supreme Court affirmed the Superior Court's decision. *See Holland*, 2011 WL 5352960, at *2-3.

---

[6]In 2010, the Delaware Supreme Court decided *Blake v. State*, 3 A.3d 1077 (Del. 2010), in which it explicitly reiterated the rule requiring the State to establish a two-part foundation "during its direct examination before a witness' prior statement can be admitted under § 3507." *State v. Flowers*, 2015 WL 1881036, at *6 (Del. Super. Apr. 23, 2015). "First, the witness must testify about the events. Second, the witness must indicate whether or not the events are true." *Id.* "The foundational requirement is satisfied when the witness testifies either that the statement is truthful, that the statement is not truthful, or that the witness does remember either the events at issue or her prior out-of-court statement." *State v. Gibbs*, 2015 WL 353932, at *4 (Del. Super. Jan. 27, 2015).

To the extent the Delaware Supreme Court's consideration as to whether petitioner could satisfy Rule 61(i)(5)'s miscarriage of justice exception to the procedural default doctrine of Rule 61(i)(3) did not constitute an adjudication on the merits for the purposes of § 2254(d)(1), the court defers to the Delaware Supreme Court's final holding that claim two was procedurally defaulted under Rule 61(i)(3). By applying the procedural bar of Rule 61(i)(3), the Delaware Supreme Court articulated a "plain statement" under *Harris v. Reed*, 489 U.S. 255, 263-4 (1984), that its decision rested on state law grounds. This court has consistently held that Rule 61 is an independent and adequate state procedural rule precluding federal habeas review. *See McCleaf v. Carroll*, 416 F. Supp. 2d 283, 296 (D. Del. 2006); *Mayfield v. Carroll*, 2005 WL 2654283 (D. Del. Oct. 11, 2005). Thus, the court cannot review the merits of claim two absent a showing of cause for the default, and prejudice resulting therefrom, or upon a showing that a miscarriage of justice will occur if the claim is not reviewed.

Petitioner attempts to establish cause by blaming defense counsel for failing to object to the admission of Bradshaw's § 3507 statement. However, as the court explains in its discussion of claim three later in this opinion, defense counsel did not provide ineffective assistance in this respect. Therefore, petitioner has not established cause for his default.

In the absence of cause, the court will not address the issue of prejudice. Additionally, given petitioner's failure to provide new reliable evidence of his actual innocence, petitioner's procedural default cannot be excused under AEDPA's miscarriage of justice exception. Accordingly, the court will deny claim two as procedurally barred from federal habeas review.

Nevertheless, the court acknowledges the possibility that it should view the Delaware Supreme Court's determination regarding petitioner's failure to meet Rule 61(i)(5)'s miscarriage of justice standard as constituting an adjudication of claim two's merits. *See, e.g., Jermyn v. Horn*, 266 F.3d 257, 280 n.8 (3d Cir. 2001)("Therefore, we conclude that where, in the course of its analysis, the Pennsylvania Supreme Court actually considered whether the claims raised in Jermyn's second PCRA petition met the procedural "miscarriage of justice" standard, we are presented with the type of situation in which Congress intended us to review the state court's resolution of those issues with the appropriate level of deference due under AEDPA's 2254(d).") As such, the court will exercise prudence and alternatively review claim two under the deferential standard contained in § 2254(d)(1).

Typically, the court's inquiry under § 2254(d)(1) would require determining whether the Delaware Supreme Court unreasonably applied Federal law in holding that the admission of Bradshaw's § 3507 statement without a proper foundation constituted harmless error. However, in *Fry v. Pliler*, the United States Supreme Court explained that a habeas court assessing the prejudicial impact of a constitutional error in a state-court criminal trial must apply the harmless-error standard articulated in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993). *Fry v. Pliler*, 551 U.S. 112, 117-122 (2007)(explaining that the *Brecht* harmless error standard of review subsumes the standards announced in AEDPA); *Bond v. Beard*, 539 F.3d 256, 275-76 (3d Cir. 2008)(explaining that *Fry* instructs federal courts to conduct an independent harmless error analysis). Pursuant to *Brecht*, the court must determine if the trial error at issue "had substantial and injurious effect or influence in determining the jury's verdict."

14

*Brecht*, 507 U.S. at 637; *see also Ditch v. Grace*, 479 F.3d 249, 256 (3d Cir. 2007). The

"crucial inquiry is the impact of the error on the minds of the jurors in the total setting."

*Hassine v. Zimmerman*, 160 F.3d 941, 955 (3d Cir. 1998). As such, a petitioner will

only be entitled to habeas relief by establishing that the trial error resulted in actual

prejudice. *See Brecht*, 507 U.S. at 637. Stated another way, "[i]f, after reviewing the

trial record, [the court] is in 'grave doubt' as to whether the error had a substantial and

injurious effect or influence in determining the jury's verdict, such error is not harmless

irrespective of whether the State could theoretically sustain a conviction without the

erroneously admitted evidence." *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995). "The

correct inquiry is whether the error had a substantial influence on the verdict despite

sufficient evidence to support the result apart from the error." *Yohn v. Love*, 76 F.3d

508, 523 (3d Cir. 1996).

Here, in holding that the admission of Bradshaw's § 3507 statement without a

proper foundation amounted to harmless error which, in turn, meant that the miscarriage

of justice exception in Rule 61(i)(5) was inapplicable, the Delaware Supreme Court

made the following findings of fact and conclusion of law:

> The record reflects that, during the search of the trailer that [petitioner]
> owned and was renovating, officers found cocaine, a digital scale, 44
> rounds of .22 caliber ammunition, [petitioner's] social security card, and
> personal letters with [petitioner's] name. The search of the residence
> where [petitioner] lived with his mother uncovered cocaine residue in the
> dresser of [petitioner's] bedroom as well as a large safe containing two
> guns, ammunition, two digital scales, and a receipt with [petitioner's]
> name. Even without Bradshaw's prior statement, the evidence against
> [petitioner] was more than sufficient to sustain his convictions. We find that
> the Superior Court's error in admitting Bradshaw's prior statement without
> a proper foundation was "harmless beyond a reasonable doubt."
> The erroneous admission of the statement did not undermine the integrity
> of the proceeding. [Petitioner] cannot establish a reasonable probability
> that the outcome of his trial would have been different if Bradshaw's prior

> statement had not been admitted under Section 3507. We, therefore, find no miscarriage of justice sufficient to overcome the procedural bar of Rule 61(i)(3).

*Holland*, 2011 WL 5352960, at \*2 (citations omitted). In this proceeding, petitioner has not provided any clear and convincing evidence to rebut the Delaware Supreme Court's factual determination regarding the evidence discovered in the two residences. As such, the court accepts as correct those factual findings.

Even without Bradshaw's § 3507 statement, there was substantial physical evidence (cocaine, three digital scales, two guns, ammunition, petitioner's social security card, personal letters bearing petitioner's name, and a receipt with petitioner's name) to sustain petitioner's convictions for cocaine trafficking, PWITD cocaine, second degree conspiracy, maintaining a dwelling, and possession of drug paraphernalia. Moreover, petitioner has not provided anything in this proceeding to persuade the court, and nothing in the record indicates, that there was a reasonable probability that the outcome of his trial would have been different but for the admission of Bradshaw's § 3507 statement. For these reasons, the court is not in "grave doubt" as to whether the admission of Bradshaw's § 3507 statement had a "substantial and injurious effect" on the jury's verdict.

In short, the court concludes that the introduction of Bradshaw's § 3507 statement without a proper foundation was harmless error. Accordingly, the court will alternatively deny claim two as meritless.

## C. Claim Three: Ineffective Assistance of Counsel

In his final claim, petitioner contends that defense counsel provided ineffective assistance by failing to object to the admission of Bradshaw's § 3507 statement. The

16

Delaware Supreme Court denied this claim as meritless. Therefore, habeas relief will only be warranted if the Delaware Supreme Court's denial of claim three was either contrary to, or an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts.

The clearly established Supreme Court precedent governing ineffective assistance of counsel claims is the two-pronged standard enunciated by *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny. *See Wiggins v. Smith*, 539 U.S. 510 (2003). Under the first *Strickland* prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. Under the second *Strickland* prong, a petitioner must demonstrate "there is a reasonable probability that, but for counsel's error the result would have been different." *Id.* at 687-96. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* at 688.

In order to sustain an ineffective assistance of counsel claim, a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells v. Petsock*, 941 F.2d 253, 259-260 (3d Cir. 1991); *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland*, 466 U.S. at 689.

Turning to the first prong of the § 2254(d)(1) inquiry, the court notes that the Delaware Supreme Court correctly identified the *Strickland* standard applicable to claim three. Thus, the Delaware Supreme Court's decision was not contrary to *Strickland*.

17

See *Williams*, 529 U.S. at 406 ("[A] run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause").

The court's inquiry is not over, however, because it must also determine if the Delaware Supreme Court reasonably applied the *Strickland* standard to the facts of petitioner's case. When performing this inquiry, the court must review the Delaware Supreme Court's decision with respect to petitioner's ineffective assistance of counsel claims through a "doubly deferential" lens.[7] *Richter*, 562 U.S. at 105. Notably, when § 2254(d) applies, "the question is not whether counsel's actions were reasonable, [but rather], whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*. When assessing prejudice under *Strickland*, the question is "whether it is reasonably likely the result would have been different" but for counsel's performance, and the "likelihood of a different result must be substantial, not just conceivable." *Id*. And finally, when viewing a state court's determination that a *Strickland* claim lacks merit through the lens of § 2254(d), federal habeas relief is precluded "so long as fairminded jurists could disagree on the correctness of the state court's decision." *Id*. at 101.

Here, the Delaware Supreme Court denied petitioner's ineffective assistance allegations as meritless, explaining that, "[e]ven if we assume that [petitioner's] trial

---

[7] As explained by the *Richter* Court,

> [t]he standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is doubly so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d).

*Richter*, 562 U.S. at 105 (internal citations omitted).

18

counsel erred in failing to object to the admission of Bradshaw's prior statement because of an improper foundation, [petitioner] can establish no prejudice from that error because the admission of Bradshaw's prior statement was harmless beyond a reasonable doubt." *Holland*, 2011 WL 5352960, at \*2. This decision constituted a reasonable application of *Strickland*. As discussed earlier in this opinion, the admission of Bradshaw's § 3507 statement did not satisfy the *Brecht* standard. *See supra* at 14-16. An "error that is harmless under *Brecht* is also considered non-prejudicial under *Strickland*." *Pagliaccetti v. Kerestes*, 581 F. App'x 134, 136 (3d Cir. 2014); *see also Albrecht v. Horn*, 485 F.3d 103, 139 (3d Cir. 2007)("*Strickland* prejudice and *Brecht* harmless error are essentially the same standard."). Therefore, the court will deny claim three for failing to satisfy § 2254(d).

## V. CERTIFICATE OF APPEALABILITY

Finally, the court must decide whether to issue a certificate of appealabilty. *See* 3d Cir. L.A.R. 22.2 (2011). The court may issue a certificate of appealability only when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons stated above, the court concludes that petitioner's habeas application must be denied. Reasonable jurists would not find this conclusion debatable. Consequently, petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

19

## VI. CONCLUSION

For the foregoing reasons, the court will deny petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254. An appropriate order will be entered.